RECEIVED
IN LAKE CHARLES, LA

NOV - 9 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| STEVE R. LEBLEU | : | DOCKET NO. 04-1611 |
|---|---|---|
| VS. | : | JUDGE TRIMBLE |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the Court is Plaintiff's petition for review of the Commissioner's denial of social security disability benefits. The matter was referred to the magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). On September 6, 2005, Magistrate Judge Wilson issued a report recommending that the matter be reversed and remanded to the Commissioner for further proceedings consistent with the opinion. In so finding, the Magistrate determined that the ALJ failed to fully and fairly develop the record which compelled a finding without sufficient facts before her to make an informed decision. The Magistrate then determined that the ALJ's failure to adequately develop the record would result in prejudice. We respectfully disagree.

We do not find that the Commissioner was required to send Plaintiff for additional testing. Failure to take part in an consultative examination, in whole or in part justifies denying benefits.[1] In her opinion, the Commissioner noted that Dr. Dilks found that the Plaintiff failed to give valid responses during the Millon Clinical Multiaxial Inventory ("MCMI"). The regulations permit the Commissioner to find Plaintiff not disabled due to his failure, or refusal, to put forth an honest effort

---

[1] 20 C.F.R. §§ 404.1518, 416.918.

on the MCMI, as part of the consultative psychological examination.

We do not find that Plaintiff has met his burden of proof regarding his disability. Plaintiff submitted an April 21, 2005 psychological evaluation and Medical Source Statement of Ability to do Work-Related Activities completed by Jerry L. Whiteman, Ph.D. In his report Dr. Whiteman opined that Plaintiff's cognitive defects were associated with adaptive behavior deficits that had manifested themselves prior to the age of 21. The Magistrate relied on this report in recommending that the matter be reversed and remanded. This evaluation was conducted eighteen months after the ALJ's administrative hearing and nine months after the Appeals Council's denial of Plaintiff's review. Thus, it is not new or material and contradicts Plaintiff's work history and other medical reports. Plaintiff performed nearly twenty years of significant gainful activity as a welder and machinist. Additionally, Plaintiff collected unemployment benefits from December 2001 through November 2002, which required a certification of an ability to work. Plaintiff's work experience demonstrates that he had the ability to perform gainful activity on a regular and continuous basis. Furthermore, Dr. Dilks recorded that Plaintiff attested to very extensive daily activities such as tending to his personal hygiene, dressing himself, watching TV, cooking, doing dishes, doing laundry, sweeping, vacuuming, mopping, shopping, managing his money, taking out the trash, walking, occasionally mowing the yard and attending church. Finally, Dr. Dilks opined that Plaintiff was capable of obtaining some form of gainful employment. Substantial evidence demonstrates that Plaintiff did not have deficits in adaptive functioning, prior to age 21 or during the period in question. Considering that this report does not refer to Plaintiff's entire work history and the substantial medical evidence of record, we find that the Commissioner can properly disregard this

report.[2]

## CONCLUSION

Based on the foregoing, the Commissioner's decision will be AFFIRMED and Plaintiff's Complaint will be DISMISSED.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 9th day of November, ~~October~~, 2005.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[2] See *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994), citing *Scotte v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985)(the ALJ may reject a physician's opinion if the doctor is "leaning over backwards" to support the claim of disability).